IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARACELI MARTINEZ, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:21-CV-286 |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| | § | |
| Defendants. | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Araceli Martinez ("Martinez" or "Plaintiff"), complaining of Defendant Target Corporation ("Target" or "Defendant"), and for causes of action would respectfully show the Court as follows:

**I.**

**Introduction**

1.01   Plaintiff brings this action for sex, race, and age harassment and unlawful retaliation under Title VII, the ADEA, and the Texas Commission on Human Rights Act.  Plaintiff further brings this action for disability discrimination in violation of the ADA.  Plaintiff alleges that Defendant, through its agents, engaged in a pattern of sex and race, and age harassment. When Plaintiff complained to management and Human Resources, no action was taken and Plaintiff's health continued to deteriorate under a hostile environment. Plaintiff's health ultimately deteriorated to the point where she could no longer work and had to go on short term leave, then long term leave, and finally permanent disability.

1.02   Plaintiff attempted to report the verbal and physical harassment on several occasions,

but no remedial action was taken to alleviate the hostile work environment.

## II.

## PARTIES

2.01    Plaintiff Araceli Martinez is an individual who resides at 3209 Blue Ash Lane, Euless Texas 76040-7744, and may be contacted through the undersigned counsel. .

2.02 Defendant Target Corporation has its home offices in Minneapolis Minnesota and is authorized to do business in Texas. Defendant may be served through its registered agent for service in Texas, C T Corporation System located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.

## JURISDICTION AND VENUE

3.01    The jurisdiction of this Court is invoked pursuant to the Texas Human Rights Act ("THRA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), Age Discrimination in Employment Act ("ADEA"), the American with Disabilities Act ("ADA"), and through the doctrine of supplemental jurisdiction.

3.02    Venue for all causes of action stated herein lies in the Northern District of Texas because the acts alleged in this complaint took place in whole or in part within the boundaries of this District, pursuant to 28 U.S.C. § 1391.

3.03    All conditions precedent to suit have been satisfied, as Plaintiff filed a timely charge of discrimination with the United States Equal Opportunity Commission and received her Notices of Right to Sue within 90 days of the filing of this action.  (See Exhibit A attached hereto).

3.04    Defendant Target has, at all relevant times, employed over twenty (20) employees in the current or preceding calendar year.

3.05    Defendant, Target is an employer within the meaning of the Texas Human Rights

Act, the ADA, the ADEA, and Title VII.

## IV.

## FACTUAL ALLEGATIONS

4.01   Plaintiff is a 60-year-old Hispanic female and was employed by Target from approximately December 18, 2016 until her constructive discharge on October 4, 2018.

4.02   Plaintiff was hired to work in the Defendant's warehouse located at 1401 W. Glade Drive, Euless, TX 76039 and on their sales floor, but later in time only worked at the warehouse.

4.03   Almost immediately after Plaintiff started working in the warehouse, she became the victim of harassment based on her age, religion, nationality and gender. Her coworkers openly abused her in the workplace by calling her pejorative names that referred to these inalienable characteristics.

4.04   Among the statements that Plaintiff endured from her coworkers were the following:

- I want to shut her up, I need a gun;
- Stupid Christian;
- I'm going to shoot the Messenger;
- God resurrected a piece of sh_t.
- Not even my grandmother is that faithful;
- Mexican dog, stupid Mexican;
- Nobody understands the words coming out of your mouth;
- Woof Woof; and
- that's the wrong refugee you brought up;

4.05   Many times when the workers made the above referenced comments, they would also make barking or growling noises when she said good morning to them, or whenever she spoke

Spanish, or on the walkie talkie. The reference to a dog and the making of barking noises is particularly demeaning to people of Mexican heritage.

4.06   Plaintiff reported to Target's Human Resource ("HR") representative, "Jaime" that she had numerous written transcripts and phone recordings of coworkers and supervisors making racist comments, gestures and epithets to her and in front of her on a daily basis. Plaintiff further reported to management that this conduct caused her severe emotional distress.

4.07   Plaintiff also reported to management how a supervisor for store surveillance, Brian, make a mixed sexual national origin comment about "wanting to do her doggy style" after seeing her in jeans on a Saturday. All of this caused Plaintiff severe emotional distress.

4.08   When Plaintiff requested a department or shift transfer, Jaime told her that he had no other available positions, and that she should talk to Daniel, her Supervisor, to see if he had anything available. During this same conversation, Jaime told Plaintiff that as a Hispanic, he had been through similar experiences and her best option would be to quit and find another job. He blamed his coworkers, then began yelling at her, saying that she was going to quit very soon. Consequently, Jaime, a member of HR, made no attempt to resolve the issue, but instead proposed to remove Plaintiff.

4.09   Plaintiff also went to complain to Samantha, the store manager, and reported the same events and comments. Samantha replied that she did not want to involve herself in any drama, and if Plaintiff disliked her work environment, she should quit and find another job.

4.10   Target did not perform a proper investigation into Plaintiff's complaints. As a result, the hostile work environment persisted, and Plaintiff continued to be emotionally distressed.

4.11   In addition to being the object of verbal and at times physical abuse, which took the form of hair pulling at Plaintiff's her work-station, Plaintiff also observed that Target disregarded its

own policies regarding taking time off. On several occasions, Plaintiff observed how younger non-Hispanic females would ask their supervisor for time off at the last minute and were allowed to take off work. When Plaintiff submitted her request for time off weeks in advance, Plaintiff would receive no response. Plaintiff had to go to the store manager to request time off. The store manager then told her that if she took time off, she would have to call in every morning at 4 a.m. to say that she was sick. No one else was required to do this as a condition to receiving time off.

   4.12 On another occasion, on or about January 17, 2018, Plaintiff was unfairly disciplined for reporting to work as directed by her supervisor. The discipline was for reporting to work on an unscheduled workday, even though she was following her supervisors' instructions.

   4.13 Plaintiff observed that several non-Hispanic, younger workers were allowed to come to work on an unscheduled day without notice. They would ask to be put on the schedule and were allowed to remain for the entire workday, even though they were not originally scheduled to work on that day. Plaintiff was never afforded the same opportunities, and was instead reprimanded for working on a day when she was not scheduled, and despite being told to come in.

   4.14 Plaintiff reported to work as usual, thinking that she was back on her original schedule. She never intentionally disregarded any schedule. Target has claimed that Plaintiff "*knowingly began working on a day she was not scheduled to work*,". This is false.

   4.15 After working almost three hours that day, the team leader "Kimberly" came to her and yelled at her, telling her that she was not on schedule and to wait because she was calling Jaime immediately. When Plaintiff tried to explain that she had spoken to her supervisor Daniel the day before and he told her to report to work "as usual", Kimberly refused to let her utter another word until Jaime arrived.

   4.16 When Jaime arrived at the scene, he reprimanded Plaintiff like a child in front of

other employees. He first waived his finger at her and then at the door, commanding her to leave and go home. Plaintiff tried to explain that there had to be a misunderstanding because Daniel told her to report to work as usual, and that there had been other instances in which employees complained the board's posted schedule was incorrect and worked, but Jaime ordered Plaintiff to clock out immediately and go home. Feeling devastated and humiliated, Plaintiff clocked out, and went home.

4.17    The following day, Jaime told Plaintiff that she had created a "grave problem" for clocking in on a day that was not on her schedule. Jaime then issued Plaintiff a probation write-up and told Plaintiff that she would be on probation for six months and under close scrutiny, and she "would be terminated if there were any issues before the probation period ended". Plaintiff asked to see the probation write-up, but Jaime denied her request.

4.18    As Target knows, this rule regarding clocking in on unscheduled days is inconsistently enforced. Many employees report to work on days when they are not scheduled, and without giving them any warnings or "Counseling" for "unacceptable conduct," their supervisors immediately assign them work for the day. Following Plaintiff's reprimand, a coworker, "Scott", asked Plaintiff why she had gotten into so much trouble for clocking in on an unscheduled day. When Plaintiff explained what had happened, he confirmed that a lot of Target employees regularly appeared for work, and worked on days when they were not scheduled, but were never reprimanded.

4.19    Scott told Plaintiff that he never checked his schedule, as he always came in and just clocked in. If he was not scheduled to work that day, the machine would beep and his supervisor would just come over to the timeclock and punch in an authorization code. Plaintiff observed this practice with several other younger and non-Hispanic, American employees.

4.20    Plaintiff called Target's Employee Relations Integrity Hotline to complain in Spanish

about everything that had happened to her. Plaintiff reported that management would not let her work in a different department, or on a different shift. Plaintiff did not know until after hanging up and receiving an incomplete English-translated complaint that the Hotline employee had excluded specific details and instances that Plaintiff described concerning discrimination and the hostile work environment.

4.21 Target displays a complete disregard of its rules in favor of American employees and strict enforcement on those of Mexican national origin. Plaintiff believes and therefore asserts that Target has used its rules selectively in order to punish Plaintiff for her reporting harassment and discrimination in the workplace. The temporal proximity between Plaintiff's complaint and her disciplinary action two days later raises the inescapable inference that Target punished Plaintiff in retaliation for her protected activity, and because of her age and national origin.

4.22 Plaintiff became more distressed and ultimately sought medical attention and professional counseling.

4.23 At the recommendation of her doctor, Plaintiff sought short term, and then long term disability for severe stress. Her last active day of employment was October 4, 2018.

4.24 Plaintiff has since been placed on long-term disability leave and is now on Social Security disability because of the stress that she endured at the hands of Target.

4.25 Plaintiff has suffered financial damages, continuing emotional distress, and has been told by her doctors that she cannot work until further notice.

## V.

## CAUSES OF ACTION

### First Count

### Sex Discrimination In Violation of 42 U.S.C. § 2000 e

5.01   The foregoing paragraphs of this Complaint are incorporated in this Count by reference as if set forth at length herein verbatim.

5.02   Defendant has discriminated against Plaintiff by subjecting her to discrimination because of her sex with respect to the terms and conditions of her employment, by treating Plaintiff differently during her employment, and by treating Plaintiff differently and requiring her to work in a hostile work environment where she was repeatedly verbally and physically abused because of her gender.  Defendant retaliated against Plaintiff after she complained about sex discrimination in the terms and conditions of her employment, so that Defendant thereby intentionally engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*.

5.03   All conditions precedent to filing this action for discrimination under federal law have been met.  Plaintiff timely filed her charge of discrimination on the basis of sex.  Plaintiff received a Notice of Right to Sue letter within the 90 days prior to filing this lawsuit.

5.04   Defendant has engaged in a single continuous course of conduct of discrimination against Plaintiff because of her sex and by subjecting Plaintiff to a sexually hostile environment in order to destroy Plaintiff, her career, and her personal life.

5.05   Such discrimination by Defendant against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.  Further, this discrimination was done by Defendant with intentional malice or with

reckless indifference to Plaintiff's protected rights. Such discrimination constitutes gross, wanton, reckless, and/or intentional violation of Plaintiff's rights under Title VII. Plaintiff is therefore also entitled to recover punitive damages in a sum which is in excess of the minimum jurisdictional limit of this Court. Plaintiff is also entitled to recover all costs of court and attorneys' fees.

## VI.

## Second Count

## Sex Discrimination

## In Violation of Chapter 21 of Texas Labor Code

6.01   The foregoing paragraphs of this Complaint are incorporated in this Count by reference as if set forth at length herein verbatim.

6.02   Defendant employs at least fifteen (15) employees and is an employer within the meaning of the Texas Human Rights Act.

6.03   Conditions precedent to filing this action for discrimination under Texas state law have been met. Plaintiff timely filed her charge of discrimination on the basis of sex with the Texas Commission on Human Rights. Plaintiff filed the instant action more than 180 days after the filing of the charge.

6.04   Defendant Target has violated the Texas Human Rights Act, Texas Labor Code §21.001 *et seq*, by discharging Plaintiff and/or discriminating against Plaintiff in connection with her compensation, terms, and conditions or privileges of employment because of Plaintiff's sex. Defendant, Target, has engaged in a single continuous course of conduct of discrimination against Plaintiff because of her sex in order to destroy Plaintiff, her career, and her personal life.

6.05   Such discrimination by Target against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Target for lost wages from teaching opportunities that

Plaintiff could have otherwise performed but for her constructive discharge , front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's state-protected rights. Plaintiff therefore is also entitled to recover punitive damages in a sum which is in excess of the minimum jurisdictional limit of this Court. Plaintiff is also entitled to recover all costs of court, attorneys' fees, and expert fees as allowed by Texas Labor Code Ann. §21.259.

## VII.

## Third Count

## National Origin Discrimination and Retaliation under 42 U.S.C. § 2000e and Chapter 21 of Texas Labor Code

7.01   The foregoing paragraphs of this Complaint are incorporated in this Count by reference as if set forth at length herein verbatim.

7.02   Plaintiff is an employee within the meaning of Title VII and Chapter 21 of the Texas Labor Code.

7.03   Defendant is an employer within the meaning of Title VII.  42 U.S.C. § 2000e(b).

7.04   Plaintiff timely filed with the Equal Employment Opportunity Commission and the Texas Human Rights Commission a charge of discrimination for national origin discrimination and retaliation against Defendant.   Plaintiff received notices of the Right to Sue from the E.E.O.C. within ninety (90) days of the filing of this Complaint.. (See Exhibit A)

7.05   As a result of Defendants' unlawful employment practices, Plaintiff has suffered damages including lost wages, front pay, past and future pecuniary losses, emotional pain, and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and seeks to recover for those sums.

      7.06    Defendant's action in taking retaliation against the Plaintiff for her complaints about discriminatory treatment and unlawful employment practices was intentional, willful and malicious so that Plaintiff is entitled to recovery of exemplary damages.

## VIII.

## Fourth Count

## Disability Discrimination in Violation of the Americans With Disability Act 4 and Chapter 21 of the Texas Labor Code

      8.01    Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth at length verbatim.

      8.02    Defendant's discriminatory and retaliatory treatment towards the Plaintiff has caused her to be permanently disabled and unable to find gainful employment.

      8.03    Plaintiff has made known her disability to Defendant in the form of severe and paralyzing stress. Plaintiff repeatedly requested an accommodation in the form of a transfer to another workspace. Plaintiff has shown that she can perform the essential functions of the job with a reasonable accommodation. Defendant declined to accommodate Plaintiff's perceived and actual disability by failing to accommodate Plaintiff, and Plaintiff's condition deteriorated such that she is now permanently disabled and unable to work for a living.

      8.04    Defendant retaliated against Plaintiff by terminating her for reporting protected activity. The discrimination and harassment caused by Defendant was severe and pervasive.

      8.05    Plaintiff timely filed with the Equal Employment Opportunity Commission a charge of discrimination for retaliation against Defendant on or about April 9, 2018. Plaintiff received notices of the Right to Sue from the E.E.O. C. and within ninety (90) days of the filing of this Complaint. (See Exhibits A).

      8.6    As a result of Defendant's unlawful employment practices, Plaintiff has suffered

damages including lost wages, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and seeks to recover for those sums.

### IX.

### Fifth Count

### Age Discrimination in Violation of the Age Discrimination in Employment Act 29 U.S.C. § 626(e) and Chapter 21 of the Texas Labor Code

9.01    Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth at length verbatim.

9.02    Plaintiff is an employee within the meaning of Title VII and Chapter 21 of the Texas Labor Code.

9.03    Defendant is an employer within the meaning of the ADEA 29 U.S.C. § 626(e).

9.04    Plaintiff timely filed with the Equal Employment Opportunity Commission and the Texas Human Rights Commission a charge of discrimination for age discrimination and retaliation against Defendant.   Plaintiff received notices of the Right to Sue from the E.E.O.C. within ninety (90) days of the filing of this Complaint.  (See Exhibits A)

9.05    As a result of Defendants' unlawful employment practices, Plaintiff has suffered damages including lost wages, front pay, past and future pecuniary losses, emotional pain, and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and seeks to recover for those sums.

9.06    Defendant's action in taking retaliation against the Plaintiff for her complaints about discriminatory treatment and unlawful employment practices was intentional, willful and malicious so that Plaintiff is entitled to recovery of exemplary damages.

## X.

### Sixth Count

### Attorneys' Fees

10.01   Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth at length verbatim.

10.02   The preparation and filing of this Complaint has necessitated the hiring of attorneys. Plaintiff seeks to recover reasonable and necessary attorneys' fees as allowed by Title VII and the Texas Human Rights Act.

## XI.

### Jury Trial Demanded

11.01   Plaintiff demands trial by a jury of all claims as allowed by statute and common law.

## XII.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein and that upon final trial Plaintiff have and recover the following relief against Defendants:

1) Judgment for actual damages in the amount of past and future lost earnings and benefits, and damages to past and future earnings capacity and past and future medical counseling expenses;

2) Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

3) Damages for past and future mental anguish, emotional distress, and physical distress;

4)   Reinstatement to full tenured position, with full seniority;

5)   Prejudgment and post-judgment interest at the maximum legal rate;

6)   Attorneys' fees;

7)   Expert fees;

8)   Punitive and Exemplary Damages in an amount to be determined by the trier-of-fact ;

9)   All costs of court; and

10)  Such other and further relief to which Plaintiff may be justly entitled.


Date: February 8, 2021                                  *Respectfully submitted,*

                                                        KILGORE & KILGORE, PLLC

                                                        *[signature]*

                                          By:   Nicholas A. O'Kelly
                                                NICHOLAS A. O'KELLY
                                                State Bar No. 15241235
                                                nao@kilgorelaw.com
                                                Kilgore Law Center
                                                3109 Carlisle Street
                                                Dallas, TX  75204-2471
                                                (214) 969-9099 - Telephone
                                                (214) 953-0133 - Facsimile

                                                ***ATTORNEY FOR PLAINTIFF***
                                                ***ARACELI MARTINEZ***

EEOC Form 161-B (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Araceli G. Martinez<br>3209 Blue Ash Lane<br>Euless, TX 76040 | From: | Dallas District Office<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2018-03669 | Dennis G. Guzman,<br>Investigator | (972) 918-3594 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice**. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible**.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**Belinda F. McCallister,**
**District Director**

November 10, 2020
*(Date Mailed)*

Enclosures(s)

cc:  Shelly Ready
Sr. Employee Relations Paralegal
TARGET CORPORATION
33 S. 6th Street
Mailstop 1810
Minneapolis, MN 55402

Nicholas A. O'Kelly
Attorney
Kilgore Law Center
3109 Carlisle Street
Dallas, TX 75204-1194

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Araceli G. Martinez<br>3209 Blue Ash Lane<br>Euless, TX 76040 | From: | Dallas District Office<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2019-00023 | Dennis G. Guzman,<br>Investigator | (972) 918-3594 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]    More than 180 days have passed since the filing of this charge.

[ ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]    The EEOC is terminating its processing of this charge.

[ ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*        November 10, 2020

**Belinda F. McCallister,**
**District Director**

*(Date Mailed)*

Enclosures(s)

cc:    Shelly Ready            Nicholas A. O'Kelly
       Sr. Employee Relations Paralegal      Attorney
       TARGET CORPORATION           Kilgore Law Center
       33 S. 6th Street                  3109 Carlisle Street
       Mailstop 1810                   Dallas, TX 75204-1194
       Minneapolis, MN 55402